UNITED STATES of America,
Plaintiff-Appellee,

v.

Kent Fielden POOLAW,
Defendant-Appellant.

No. 77-5666.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1979.

---

Bill McCabe, Orlando, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William F. Duane, Asst. U. S. Atty., William V. Chaney, Orlando, Fla., for plaintiff-appellee.

Before TJOFLAT and HILL, Circuit Judges, and HIGGINBOTHAM,* District Judge.

TJOFLAT, Circuit Judge:

Kent Fielden Poolaw was convicted on three counts of armed bank robbery in violation of 18 U.S.C. § 2113 (1976).[1] The sole question presented in this appeal is whether the district court erred in refusing to incorporate in its instruction to the jury on the defense of insanity the following language:

Chronic alcoholism is considered to be such a [mental] disease. In other words, if you should find that the accused was suffering from chronic alcoholism at the time of the alleged offense and that his actions at the time of the alleged offense were a product of that disease you should find the accused not guilty.

Record, vol. 1, at 20–21. We are convinced that the refusal was proper and therefore affirm Poolaw's convictions.

This case is before us on a stipulated record. See Fed.R.App.P. 10(d). The evidence presented to the jury indicated that Poolaw is a chronic alcoholic. His history of intoxication included sixty arrests for public drunkenness within the five year period immediately prior to trial. On March 16, 1977, Poolaw walked into the Sun Bank of South Orlando in Orlando, Florida, handed a teller a demand note, and walked out with $9,500.00 of the bank's Federal Deposit Insurance Corporation insured funds. He was apprehended a few moments later with the money in his possession. From the evi-

---

* District Judge of the Northern District of Texas, sitting by designation.

1. Poolaw was convicted of violating each of the following three subsections of 18 U.S.C. § 2113 (1976):

(a) . . . Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny [shall be fined and/or imprisoned].

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association [shall be fined and/or imprisoned].

. . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device [shall be fined and/or imprisoned].

dence presented at trial the jury could have found that Poolaw was intoxicated at the time of the robbery and that he was unable to form the specific intent required to commit the charged offenses. The jury was instructed that it could consider Poolaw's intoxication in resolving the issue of specific intent, and this instruction is not questioned here. It is the trial court's refusal to counsel the jury that chronic alcoholism is a mental disease sufficient to render one legally insane that is in issue before us.

It is settled in this circuit that,

[t]he sanity of the accused is always an element of the offense charged. When no question of insanity is raised, the Government's burden of proving defendant's sanity is satisfied by the presumption of sanity, which stands in the place of evidence. When, however, "some" evidence, which need only be "slight," of a defendant's lack of capacity is introduced at trial, the presumption is insufficient to carry the issue and the Government must prove defendant's sanity beyond a reasonable doubt.

United States v. Hall, 583 F.2d 1288, 1293 (5th Cir. 1978). We have held that a defendant is insane, and therefore unable to form the intent requisite for criminal liability, if

at the time of such [criminal] conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. [As used herein] the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

Blake v. United States, 407 F.2d 908, 916 (5th Cir. 1969) (en banc).

Poolaw concedes that the district court's insanity instruction properly followed the Blake test. Had the court included the language Poolaw requested, the jury would have been required to treat chronic alcoholism as a mental disease or defect[2] and to acquit the defendant if it found that his actions at the time of the robbery were the product of the disease or defect.

This panel is, of course, bound by the test established by the en banc court in Blake. The record before this court contains no evidence, either in the form of expert or lay opinion or medical publication, that would have authorized the jury to find, under the Blake test, that alcoholism is a mental disease or defect. We are not prepared, solely on the basis of the arguments advanced in Poolaw's brief, to say that it is such and that a jury finding to the contrary is foreclosed.[3]

2. In support of the proposition that Poolaw urges on appeal, that chronic alcoholism should be considered a mental disease or defect as a matter of law, he cites federal and state judicial and legislative authorities to the effect that alcoholism is a disease, characterized by lack of self control, whose victims should not be punished as criminals but treated as sick persons. See, e. g., Powell v. Texas, 392 U.S. 514, 554–65, 88 S.Ct. 2145, 2165–70, 20 L.Ed.2d 1254 (1968) (Fortas, Douglas, Brennan, Stewart, JJ., dissenting); Salzman v. United States, 131 U.S.App.D.C. 393, 401–09, 405 F.2d 358, 366–74 (1968) (Wright, J., concurring) (extensive bibliographic footnotes concerning alcoholism); The Alcoholic Rehabilitation Act of 1968, 42 U.S.C. §§ 2688e–2688j (1976); Comprehensive Alcoholism Prevention, Control, and Treatment Act, Fla.Stat.Ann. § 396.-012–.171 (West 1973 & Supp.1978) (a codification of the Uniform Alcoholism and Intoxication Treatment Act, 9 ALI Uniform Laws Ann. 41–98 (1973)). He also cites to several medical or public authorities dealing with the problem

of alcoholism. See, e. g., National Council on Alcoholism, The Modern Approach to Alcoholism 6 (1965); National Institute of Mental Health, HEW, Alcoholism (1965) (Public Health Service Publication # 730).

3. In United States v. Hall, the question of the relationship between alcoholism and mental capacity was presented to this court, but the question was not framed as it is here by the binding jury instruction Poolaw requested below. In Hall, we were called upon to determine whether the evidence of the defendant's sanity was sufficient to withstand a motion for judgment of acquittal. In finding that the evidence was adequate, we noted with approval the trial court's submission of the alcoholism-insanity issue to the jury. It was not necessary for us to decide the precise question whether alcoholism is a mental disease or defect under the Blake test; we simply gave the defendant the benefit of any doubt on the issue and found that the Government's proof was sufficient to establish the defendant's guilt.

The judgment of the district court is AFFIRMED.